Law Firm and/or Attorney Gilster to discuss filing a patent application for a heat pack with the sandpaper trigger technology, and/or MATT WALTERS had already set in motion the filing of the '295 Provisional Application.

104. MATT WALTERS, DALE WALTERS and BRIAN GUERRA knew NOVA DESIGN would rely upon MATT WALTERS' and BRIAN GUERRA's representations that OMNI THERM was not able to get the sandpaper triggers to drop into the heat packs during manufacturing.

105. NOVA DESIGN did rely on MATT WALTERS' and BRIAN GUERRA's representations that OMNI THERM was not able to get the sandpaper triggers to drop into the heat packs during manufacturing. These misrepresentations led NOVA DESIGN to believe that NOVA's Confidential Information was not commercially viable.

106. On information and belief, DALE WALTERS was an officer and/or a controlling owner of OMNI THERM, was aware of the 1998 Confidentiality Agreement, was aware that Jaime Schlorff had discovered the NOVA Confidential Information that was the subject of that Confidentiality Agreement, and was aware that his son, MATT WALTERS, filed the '295 Provisional Application and the '591 Patent Application, but notwithstanding failed to advise NOVA DESIGN that his son had filed and was prosecuting these applications without listing Jaime Schlorff as the inventor, and instead listed his son as the sole inventor.

107. Given the 1998 Confidentiality Agreement and the fact that Ms. Schlorff discovered NOVA's Confidential Information disclosed pursuant to the Agreement, MATT and DALE WALTERS' positions as officers and/or controlling owners of OMNI THERM and the subject matter disclosed in and claimed by the '295 Provisional Application, MATT WALTERS, DALE WALTERS and OMNI THERM had a duty to inform NOVA DESIGN and/or Jaime Schlorff that MATT WALTERS was filing or had filed the '295 Provisional Application, did so without listing Jaime Schlorff as the inventor, and instead listed himself as the sole inventor.

108. Given the 1998 Confidentiality Agreement and the fact that Ms. Schlorff discovered NOVA's Confidential Information disclosed pursuant to the Agreement, MATT and DALE WALTERS' positions as officers and/or controlling owners of OMNI

THERM and the subject matter disclosed in and claimed by the '295 and '591 Applications, MATT WALTERS, DALE WALTERS and OMNI THERM had a duty to inform NOVA DESIGN or Jaime Schlorff that MATT WALTERS had filed and was prosecuting the '591 Patent Application, was doing so without listing Jaime Schlorff as the inventor, and had instead listed himself as the sole inventor.

109. Given the 1998 Confidentiality Agreement and the fact that Ms. Schlorff discovered NOVA's Confidential Information disclosed pursuant to the Agreement, MATT WALTERS and DALE WALTERS positions as officers and/or controlling owners of OMNI THERM and the subject matter disclosed in and claimed by the '295 and '591 Patent Applications, MATT WALTERS, DALE WALTERS and OMNI THERM had a duty to inform NOVA DESIGN or Jaime Schlorff that the Patent Office had issued the '157 Patent without listing Jaime Schlorff as the inventor and instead listed MATT WALTERS as the sole inventor.

110. Given the 1998 Confidentiality Agreement and the fact that Ms. Schlorff discovered NOVA's Confidential Information disclosed pursuant to the Agreement, MATT WALTERS and DALE WALTERS positions as officers and/or controlling owners of OMNI THERM and the subject matter disclosed in and claimed by the '157 Patent, MATT WALTERS, DALE WALTERS and OMNI THERM had a duty to inform NOVA DESIGN or Jaime Schlorff that MATT WALTERS, DALE WALTERS and/or OMNI THERM had sold or licensed the '157 Patent to RESPIRONICS, CHILDREN'S MEDICAL VENTURES or one of the other Defendants.

111. MATT WALTERS', DALE WALTERS' and/or OMNI THERM's breach of the 1998 Confidentiality Agreement (**Exhibit B**) renders any attempt by the Defendants to use the Agreement to limit the confidentiality of NOVA's Confidential Information to a three (3) year term unenforceable by the Defendants.

112. But for the Defendants' fraudulent or negligent misrepresentations, NOVA DESIGN would have entered the infant heel warmer heat pack industry and profited from the commercial advantages achieved by NOVA's Confidential Information.

113. As a direct result of MATT WALTERS' and BRIAN GUERRA's fraudulent or negligent representations, NOVA DESIGN has suffered monetary damages.

## COUNT III
### Fraudulent Concealment (Restatement of Torts §550), or in the alternative, Fraudulent Nondisclosure (Restatement of Torts §529 and 551)

114.   Plaintiff incorporates by reference the allegation set forth in paragraph 1 through 113 of this Complaint.

115.   The 1998 Confidentiality Agreement imposed contractual duties and a duty good faith and fair dealing between Defendants and NOVA DESIGN, particularly regarding the confidential nature of NOVA DESIGN's heat pack with sandpaper trigger technology.

116.   MATT WALTERS, DALE WALTERS, BRIAN GUERRA and OMNI THERM fraudulently concealed from and did not disclose to NOVA DESIGN the filing of the '295 and '591 Applications listing MATT WALTERS as the only inventor. Defendants did so notwithstanding the ongoing nature of the 1998 Confidentiality Agreement, the duty good faith and fair dealing imposed on the Defendants toward NOVA DESIGN pursuant to the Agreement and the significance of NOVA's Confidential Information to the claimed invention of these Applications.

117.   MATT WALTERS, DALE WALTERS, BRIAN GUERRA and OMNI THERM fraudulently concealed from and did not disclose to NOVA DESIGN the issuance of the '157 Patent listing MATT WALTERS as the only inventor. Defendants did so notwithstanding the ongoing nature of the 1998 Confidentiality Agreement, the duty good faith and fair dealing imposed on the Defendants toward NOVA DESIGN pursuant to the Agreement, and the significance of NOVA's Confidential Information to the claimed invention of the '157 Patent.

118.   MATT WALTERS, DALE WALTERS, BRIAN GUERRA and OMNI THERM fraudulently concealed from and did not disclose to NOVA DESIGN their disclosures and dealings regarding the making, and marketing of infant heel warmer heat packs incorporating NOVA's Confidential Information. Defendants did so notwithstanding the duty good faith and fair dealing imposed on the Defendants toward NOVA DESIGN pursuant to the 1998 Confidentiality Agreement, and notwithstanding the significance of NOVA's Confidential Information regarding those disclosures and dealings.

119. On information and belief, the other Defendants learned of the existence of the 1998 Confidentiality Agreement, and were aware that the '157 Patent breached that Agreement. When the other Defendants learned of the breach of the 1998 Confidentiality Agreement, the other Defendants contributed to the asserted fraudulent concealment and nondisclosures committed by MATT WALTERS, DALE WALTERS, BRIAN GUERRA and OMNI THERM.

120. Given Defendants above misrepresentations to NOVA DESIGN regarding their inability to manufacture heat packs with sandpaper triggers, in combination with the confidential nature of provisional applications and patent applications, MATT WALTERS' Nonpublication Request delaying publication of the Application for 2-1/2 years, and the many thousands of U.S. patents issuing each year, rendered it unreasonable for NOVA DESIGN learn about the '295 and '591 Application or the '157 Patent, particularly until long after the term of the Agreement and long after NOVA DESIGN stopped dealing with OMNI THERM and MATT and DALE WALTERS.

121. Had Defendants advised NOVA DESIGN of the '295 or '591 Applications or the '157 Patent, NOVA DESIGN would have asserted its exclusive right to the claimed subject matter of these Applications and Patent and contested Defendants' asserted right to these Applications and Patent.

122. NOVA DESIGN only recently learned of the existence of the '295 and '591 Applications and the '157 Patent after MATT WALTERS called Ms. Schlorff to inquire if she knew of any non-aluminum oxide triggers. Ms. Sclorff thought this request was quite strange given MATT WEALTERS' and OMNI THERM's prior misrepresentations.

123. As a direct result of the Defendants' fraudulent or concealments and nondisclosures, NOVA DESIGN has suffered monetary damages.

### COUNT IV
### Conversion

124. Plaintiff incorporates by reference the allegation set forth in paragraph 1 through 123 of this Complaint.

125. NOVA DESIGN had a property right to NOVA's Confidential Information developed by Jaime Schlorff through the course of her employment at NOVA DESIGN,

- 24 -

and pursuant to her assignment of the proprietary rights to this Confidential Information to NOVA DESIGN.

126. Defendants have interfered with NOVA DESIGN's property right to its Confidential Information. NOVA DESIGN has sold Heat Packs incorporating NOVA's Confidential Information, and further plans to expand its products and sales in this market.

127. On its face, Defendant's '157 Patent prevents NOVA DESIGN from making and selling heat packs incorporating NOVA's Confidential Information, even though NOVA DESIGN originally developed this technology and disclosed it to Defendants.

128. Defendants filing and obtaining the '157 Patent suggests that Defendant had the right to NOVA's Confidential Information.

129. Defendants have no justification in law for interfering with NOVA DESIGN's right to make or sell a heat packs incorporating NOVA's Confidential Information.

130. NOVA DESIGN has been and will continue to be damaged by Defendants' conversion of its rights to NOVA's Confidential Information, and unless this conversion is resolved will have no remedy at law to compel the Defendant to cease such acts.

## COUNT V
### Trade Secret Misappropriation

131. Plaintiff incorporates by reference the allegation set forth in paragraph 1 through 130 of this Complaint.

132. NOVA DESIGN maintained its Confidential Information as a trade secret before, during and after the 1998 Confidentiality Agreement. NOVA DESIGN did not publicly disclose its Confidential Information until 2002.

133. As noted above, NOVA's Confidential Information gave NOVA DESIGN a commercial advantage over others making and selling heat packs.

134. In 1998, NOVA DESIGN's sought to commercialize the advantages achieved by its Confidential Information, such as when it contacted MATT Walters, DALE WALTERS and/or OMNI THERM as discussed above.

135. The 1998 Confidentiality Agreement sought to maintain the confidentiality of NOVA's Confidential Information.

136. Notwithstanding OMNI THERM's and/or MATT or DALE WALTERS' breach of the 1998 Confidentiality Agreement and misappropriation of NOVA's Confidential Information, NOVA DESIGN maintained the confidential nature of its Confidential Information that was the subject of that Agreement before, during and after the term of that Agreement.

137. Defendants' misappropriated NOVA's Confidential Information. Defendants' did so in one or more ways, such as by: a) filing the '295 and/or '591 Applications seeking patent protection for NOVA's Confidential Information, b) making or selling or offering to make or sell infant heel warmer heat packs or sandpaper triggers incorporating NOVA's Confidential Information, or c) disclosing NOVA's Confidential Information to others without NOVA DESIGN's authorization.

138. Defendants' commercialization of NOVA's Confidential Information for the phase change heat pack with sodium acetate industry took profits and profitable business form NOVA DESIGN, including profits associated with gearing up to produce infant heel warmers utilizing NOVA's Confidential Information and early entry of this advantageous product into the infant heel warmer industry. Instead of NOVA DESIGN profiting from the advantages brought by NOVA's Confidential Information, Defendants' misappropriation of NOVA's Confidential Information and cut NOVA DESIGN out from the profits they realized.

139. NOVA DESIGN has suffered a financial loss as a direct result of Defendants' misappropriation of NOVA's Confidential Information.

## COUNT VI
Correction of Inventorship and Ownership

140. Plaintiff incorporates by reference the allegation set forth in paragraph 1 through 139 of this Complaint.

141. For the above reasons, Jaime Schlorff is the inventor of the '157 Patent, and the '157 Patent should be corrected pursuant to 35 U.S.C. 256 to list Ms. Schlorff as the sole inventor, or in the alternative, one of its inventors.

142. For the above reasons, NOVA DESIGN is the owner of the '157 Patent via assignment from Ms. Schlorff, and NOVA DESIGN should be allowed to updated Patent Office records to list NOVA DESIGN as the owner by assignment of the '157 Patent.

### COUNT VII
**Patent Infringement, Contributory Infringement and Inducing Infringement**

143   Plaintiff incorporates by reference the allegation set forth in paragraph 1 through 142 of this Complaint.

144. United States Patent No. 5,275,157 (the '157 Patent) duly and legally issued on January 4, 1994 by the United States Patent and Trademark Office. (**Exhibit I**). For the above noted reasons, Jaime Schlorff is the true inventor and NOVA DESIGN is the true owner of the '157 Patent and should have had and should have the right to sue for infringement thereof.

145. Defendants heat packs covered by the '157 Patent have met with commercial success.

146. Since its fraudulent or negligent representations, breach of the 1998 Confidentiality Agreement, fraudulent concealment and nondisclosures, and issuance of the '157 Patent, Defendants have infringed and continue to infringe the '157 Patent by making, having made, importing, offering for sale or selling, or distributing in this judicial district and elsewhere products embodying the claimed invention of '157 Patent, and will continue to infringe the '157 Patent unless enjoined by this Court.

147. On information and belief, Defendants, MATT and DALE WALTERS, without authorization from NOVA DESIGN and with intent to infringe the '157 Patent, supplied infringing heat packs to other Defendants such as RESPIRONICS or CHILDREN'S MEDICAL VENTURES, or supplied sandpaper triggers to these other Defendants with the intent that these triggers be place in heat packs that infringe the '157 Patent, and have thereby knowingly and actively induced infringement or contributorily infringed the '157 Patent.

148. On information and belief, Defendants, MATT and DALE WALTERS, without authorization from NOVA DESIGN and with intent to infringe the '157 Patent, disclosed NOVA's Confidential Information to or taught, facilitated or encouraged other

Defendants such as RESPIRONICS or CHILDREN'S MEDICAL VENTURES to buy, make or sell heat packs that infringe the '157 Patent, and have thereby knowingly and actively induced others to infringe the '157 Patent.

149. The infringement by the Defendants has been done and will continue to be done willfully, wantonly and in bad faith.

150. As a direct and proximate result of the infringement by the Defendants, NOVA DESIGN has suffered monetary damages.

151. Defendants will, unless permanently enjoined, continue to engage in the aforementioned acts, which will cause irreparable damage to NOVA DESIGN. Further, unless such acts are enjoined, NOVA DESIGN will have no remedy at law to compel the Defendants to cease such infringing acts.

### COUNT VIII
### Unjust Enrichment

152. Plaintiff incorporates by reference the allegation set forth in paragraph 1 through 151 of this Complaint.

153. At considerable time and expense and through the education, ingenuity and skill of its employees, NOVA DESIGN developed its Confidential Information.

154. NOVA DESIGN disclosed its Confidential Information to MATT and DALE WALTERS and OMNI THERM on a confidential basis for the purpose of allowing them to evaluate NOVA's Confidential Information to ascertain if they wanted to license or buy same.

155. Defendants, MATT and DALE WALTERS, misappropriated NOVA's Confidential Information without disclosing this to NOVA DESIGN , and without authorization from or compensation to NOVA DESIGN. Defendants, MATT and DALE WALTERS, as well as their OMNI THERM company, did not enter into a contract with NOVA DESIGN to license or buy NOVA's Confidential Information.

156. On information and belief, other Defendants such as RESPIRONICS and CHILDREN'S MEDICAL VENTURES knew NOVA DESIGN developed NOVA's Confidential Information, knew MATT and DALE WALTERS misappropriated NOVA's Confidential Information without authorization from or compensation to NOVA

DESIGN. IN particular, the Defendants knew NOVA DESIGN did not license or sell NOVA's Confidential Information to MATT or DALE WALTERS or OMNI THERM.

157. On information and belief, Defendants, MATT and DALE WALTERS, profited from NOVA's Confidential Information by selling or using their OMNI THERM company to sell infant heel warmers incorporating NOVA's Confidential Information, by selling or using their OMNI THERM company to sell triggers intended for insertion into infant heel warmers incorporating the NOVA's Confidential Information, by improperly obtaining the '157 Patent based on the NOVA's Confidential Information, and by selling or licensing the '157 Patent to other Defendants such as RESPIRONICS and CHILDREN'S MEDICAL VENTURES.

158. On information and belief, other Defendants, such as RESPIRONICS and CHILDREN'S MEDICAL VENTURES, profited from NOVA's Confidential Information by advertising infant heel warmers using the NOVA's Confidential Information, by selling infant heel warmers using NOVA's Confidential Information, and by advertising that NOVA's Confidential Information found in these infant heel warmers is patented.

159. Defendants' MATT and DALE WALTERS' unauthorized misappropriation of NOVA's Confidential Information, using their OMNI THERM company to profit from the sale of infant heel warmers incorporating NOVA's Confidential Information, using their OMNI THERM company to profit from the sale of triggers intended for insertion into infant heel warmers incorporating the NOVA's Confidential Information, improperly obtaining the '157 Patent based on NOVA's Confidential Information, and profiting from the sale or licensing of the '157 Patent, all without compensation to NOVA DESIGN, is unjust, and has resulted in damages to NOVA DESIGN.

160. The other Defendants', such as RESPIRONICS and CHILDREN's MEDICAL VENTURES, profiting from the advertising and unauthorized sale of infant heel warmers using NOVA's Confidential Information is unjust and has resulted in damages to NOVA DESIGN.

## COUNT IX
### Violation of the Sherman Act, §1
### Combination in Restraint of Trade

161. Plaintiff incorporates by reference the allegation set forth in paragraph 1 through 160 of this Complaint.

162. On information and belief, Defendants have violated the antitrust laws due to their combining in restraint of trade in violation of 15 U.S.C. §1.

163. Defendants by at least the following acts, have combined among themselves, and with others not named as defendants herein, such combinations having an anticompetitive effect on interstate commerce, and thereby constituting an unreasonable restraint on trade:

   a) On information and belief, MATT and DALE WALTERS combined to fraudulently obtain the '157 Patent. (Contrary to the claims of the '157 patent, MATT WALTERS did not discover a sandpaper trigger for a heat pack with a supercooled aqueous salt or sodium acetate solution, or flexing or manipulating the sandpaper trigger to initiate crystallization of the supercooled solution. Over 2 years before the priority date of the '157 patent, NOVA DESIGN disclosed to MATT and DALE WALTERS and OMNI THERM that a sandpaper trigger can be flexed or manipulated to initiate crystallization of a supercooled aqueous salt or sodium acetate solution for a heat pack. The applicant for the '157 Patent, MATT WALTERS, did not disclose to the United States Patent and Trademark Office that others discovered and told him that a sandpaper trigger can be flexed or manipulated to initiate crystallization of a sodium acetate solution in a heat pack). On information and belief, RESPIRONICS, CHILDREN'S MEDICAL VENTURES and other Defendants combined with DALE and MATT WALTERS to fraudulently obtain the '157 Patent, or had or have acquired knowledge of this fraud and have assisted in its perpetuation;

   b) On information and belief, the Defendants combined to maintain and assert the '157 Patent, a patent they know to be invalidly and/or to have been fraudulently obtained by MATT WALTERS.

   c) On information and belief, RESPIRONICS and CHILDREN'S MEDICAL VENTURES have engaged in a marketing campaign sought to eliminate competition by

- 30 -

asserting the '157 Patent when they know it to have been invalidly or fraudulently obtained. (RESPIRONICS and CHILDREN'S MEDICAL VENTURES advertise the HEEL SNUGGLER infant heel warmer as being patented technology. For example, one advertisement states "Patented button activator eliminates risk of bag puncture). On information and belief, the other Defendants had or have acquired knowledge of this fraud and have assisted in its perpetuation.

d)  On information and belief, Defendants, MATT and DALE WALTERS, combined to eliminate competition by others, such as through licensing agreements with the other Defendants, by misrepresenting to NOVA DESIGN that its sandpaper trigger technology was not commercially viable when Defendants knew these statements were misleading and fraudulent in nature. On information and belief, the other Defendants had or have acquired knowledge of this fraud and have assisted in its perpetuation.

164.  The foregoing acts, in combination, were intentionally and maliciously done and have impaired, and continue to impair, NOVA DESIGN's ability to compete effectively in the phase change heat pack with sodium acetate solution market.

165.  NOVA DEISIGN has been, and will continue to be, damaged in an amount yet undetermined unless Defendants are enjoined from the unlawful combinations.

## COUNT X
### Violation of the Sherman Act, §2
### Attempted Monopolization

166.  Plaintiff incorporates by reference the allegation set forth in paragraph 1 through 165 of this Complaint.

167.  On information and belief, Defendants have violated the antitrust laws due to their attempt to monopolize in violation of 15 U.S.C. §2.

168.  In the United States, the relevant market is the phase change heat pack with sodium acetate solution market.

169.  On information and belief, the Defendants had and still have the vast majority of the relevant market share. The market share is sufficient to give Defendants monopolistic power in the phase change heat pack with sodium acetate solution market.

- 31 -

170. In furtherance of the attempted monopolization, Defendants, by at least the following anticompetitive acts, which if successful, will have contributed significantly to the achievement of exclusionary power, and whi8ch establish an intent to exclude competition:

    a)    On information and belief, MATT and DALE WALTERS combined to fraudulently obtain the '157 Patent. (Contrary to the claims of the '157 patent, MATT WALTERS did not discover a sandpaper trigger for a heat pack with a supercooled aqueous salt or sodium acetate solution, or flexing or manipulating the sandpaper trigger to initiate crystallization of the supercooled solution. Over 2 years before the priority date of the '157 patent, NOVA DESIGN and Ms. Schlorff disclosed to OMNI THERM and MATT and DALE WALTERS that a sandpaper trigger can be flexed or manipulated to initiate crystallization of a supercooled aqueous salt or sodium acetate solution, such as for a heat pack. The applicant for the '157 Patent, MATT WALTERS, did not disclose to the United States Patent and Trademark Office that others discovered and told him that a sandpaper trigger can be flexed or manipulated to initiate crystallization of a sodium acetate solution in a heat pack). On information and belief, RESPIRONICS, CHILDREN'S MEDICAL VENTURES and other Defendants combined with DALE and MATT WALTERS to fraudulently obtain the '157 Patent, or had or have acquired knowledge of this fraud and have assisted in its perpetuation;

    b)    On information and belief, the Defendants combined to maintain and assert the '157 Patent, a patent they know to be invalidly and/or to have been fraudulently obtained by MATT WALTERS.

    c)    On information and belief, RESPIRONICS and CHILDREN'S MEDICAL VENTURES have engaged in a marketing campaign sought to eliminate competition by asserting the '157 Patent when they know it to have been invalidly or fraudulently obtained. (RESPIRONICS and CHILDREN'S MEDICAL VENTURES advertise the HEEL SNUGGLER infant heel warmer as being patented technology. For example, one advertisement states "Patented button activator eliminates risk of bag puncture). On information and belief, the other Defendants had or have acquired knowledge of this fraud and have assisted in its perpetuation.

d) On information and belief, MATT and DALE WALTERS combined to eliminate competition by others, such as through licensing agreements with NOVA DESIGN, by stating and misrepresenting to NOVA DESIGN that its sandpaper trigger technology was not viable when Defendants knew these statements were misleading and fraudulent in nature. On information and belief, the other Defendants had or have acquired knowledge of this fraud and have assisted in its perpetuation.

171. The foregoing acts, were intentionally and maliciously done and have impaired, and continue to impair, NOVA DESIGN's ability to compete effectively in the phase change heat pack with sodium acetate solution market.

172. Upon information and belief, there is a dangerous probability of success of the attempted monopolization on the relevant market.

173. NOVA DEISIGN has been, and will continue to be, damaged in an amount yet undetermined unless Defendants are enjoined from the unlawful combinations.

## COUNT XI
### Violation of the Sherman Act, §2
### Combination to Monopolize

174 Plaintiff incorporates by reference the allegation set forth in paragraph 1 through 173 of this Complaint.

175. On information and belief, Defendants have violated the antitrust laws by combining among themselves and with others in the relevant market in contravention of 15 U.S.C. §2.

176. The relevant market is the phase change heat pack with sodium acetate solution market.

177. Defendants have combined in the relevant market.

178. In furtherance of their unlawful combinations, Defendants have by at least the acts described in preceding paragraph 169 hereof, with is incorporated herein by reference with the samve force and effect as if they had been set forth in full. These acts reveal an intent to monopolize the relevant market. These acts deprive NOVA DESIGN of the ability to compete effectively in the relevant market.

179. NOVA DEISIGN has been, and will continue to be, damaged in an amount yet undetermined unless Defendants are enjoined from the unlawful combinations.

## RELIEF

WHERFORE, NOVA DESIGN requests the following relief:

1. Judgment that OMNI THERM and Defendants MATT and DALE WALTERS materially breached the 1998 Confidentiality Agreement by:

a) Using NOVA's Confidential Information for a purpose other than to evaluate the information as prohibited by Paragraph 2 of the Agreement;

b) Disclosing NOVA's Confidential Information to others as prohibited by Paragraph 4 during the term of the Agreement; and,

c) Filing the '295 Provisional Application and the '591 Patent Application for NOVA's Confidential Information and obtaining the '157 Patent in MATT WALTERS' name as prohibited by Paragraph 5 of the Agreement.

2. Judgment that OMNI THERM and Defendants MATT WALTERS and BRIAN GUERRA:

a) Fraudulently misrepresented or, in the alternative, negligently misrepresented to NOVA DESIGN that OMNI THERM was not able to get the sandpaper triggers to drop into the heat packs;

b) Fraudulently or, in the alternative, negligently failed to inform NOVA DESIGN that MATT WALTERS was going to file and did in fact file and prosecuting the '295 Provisional Application and the '591Patent Application without listing Jaime Schlorff as the sole inventor and instead listing himself as the sole inventor; and,

c) Fraudulently or, in the alternative, negligently failed to inform NOVA DESIGN that MATT WALTERS was selling or licensing the '157 Patent to other Defendants such as RESPIRONICS or CHILDREN'S MEDICAL VENTURES.

3. Judgment that Defendants fraudulently concealed and failed to disclose:

a) Their misappropriation of NOVA's Confidential Information;

b) The filing of the '295 and '591Applications and issuance of the '157 Patent in the name of MATT WALTERS, and without listing Jaime Schlorff as the sole inventor; and,

c) The development, manufacture and sale of infant heel warmers incorporating NOVA's Confidential Information.

4. Judgment that any time period for filing the causes of action in this complaint be tolled so as to allow each cause of action to proceed to judgment.

5. Judgment that OMNI THERM and Defendants misappropriated the trade secrets and Confidential Information of NOVA DESIGN.

6. Judgment that Defendants converted NOVA's Confidential Information for their own use, particularly to obtain the '157 Patent, and that Jaime Schlorff is the sole inventor of the '157 Patent.

7. Judgment that Jaime Schlorff is the sole inventor and NOVA DESIGN is the sole owner of the '157 Patent, or in the alternative, that Jaime Schlorff is a co-inventor and NOVA DESIGN is a co-owner of the '157 Patent.

8. Judgment that Defendants have infringed and are infringing the '157 Patent by making, selling and distributing the HEEL SNUGGLER infant heel warmers.

9. Judgment that Defendants have violated the Sherman Act.

10. That pursuant to 35 U.S.C. §283, Defendant be either permanently enjoined from making, importing, offering to sell, selling, or distributing infant heel warmers and heat packs covered by the '157 Patents, or pay NOVA DESIGN a reasonable royalty for continuing to do so.

11. That pursuant to 35 U.S.C. §284, an accounting be held and judgment rendered against Defendants, commencing from the date Defendants' began concealing their above noted actions from NOVA DESIGN:

   a) For all lost profits incurred by NOVA DESIGN due to the unauthorized sale or use of the infringing products, or in the alternative, at least a reasonable royalty,

   b) For actual damages sustained by NOVA DESIGN on account of Defendant's breach of the 1998 Confidentiality Agreement, fraudulent or negligent representations to NOVA DESIGN, conversion of N OVA DESIGN's Confidential Information, trade secret misappropriation, infringement of the '157 Patent, unjust enrichment and violation of the antitrust laws; and,

   c) That damages be trebled in view of the flagrant and willful character of Defendant's actions.

12. For an assessment against Defendants of the prejudgment and post judgment interest on profits, royalties and damages.

13. That pursuant to 35 U.S.C.§285, this case be found exceptional, and reasonable attorney's fees and costs, and interest on those fees and costs, be awarded NOVA DESIGN.

14. Judgment that MATT and DALE WALTERS pay NOVA DESIGN the $2.625 million they received from RESPIRONICS for RESPIRONICS' May 15, 2006 acquisition of OMNI THERM assets.

15. Granting an injunction against Defendants, their shareholders, directors, officers, employees and agents from further anticompetitive actions which injure or otherwise impair the business of NOVA DESIGN.

16. For such other and further relief as this Court may deem just and proper.

Dated: 12/30/10.

Respectfully submitted,

_____
JEFFREY S. SOKOL
Sokol Law Office
828 N. Broadway, Suite 400
Milwaukee, Wisconsin 53202
Attorney for Plaintiff
414-272-7200

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOVA DESIGN TECHNOLOGIES, LTD. ) | |
| ) | |
| Plaintiff ) | |
| ) | CIVIL ACTION NO. 10-____ |
| v. ) | |
| ) | Honorable Judge _____ |
| MATTHEW K. WALTERS ) | |
| DALE E. WALTERS ) | |
| BRIAN GUERRA ) | |
| ) | |
| RESPIRONICS, INC. ) | **JURY DEMAND** |
| RCI INVESTMENTS, LLC ) | |
| ) | |
| and, ) | |
| ) | |
| PHILIPS HOLDING U.S.A., INC. ) | |
| RESPIRONICS NOVAMETRIX, LLC ) | |
| CHILDREN'S MEDICAL VENTURES, LLC.) | |
| ) | |
| Defendants ) | |

## JURY DEMAND

Plaintiff, by its undersigned counsel, hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure of all issues triable of right by a jury.

Dated this 30th day of December, 2010.

*/s/ Jeffrey Sokol*
JEFFREY S. SOKOL
Sokol Law Office
828 N. Broadway, Suite 400
Milwaukee, Wisconsin 53202
Attorney for Plaintiff
414-272-7200