**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| **NOVA DESIGN TECHNOLOGIES, LTD,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | **Civil Action No.** |
| | : | |
| **MATTHEW K. WALTERS, et al.,** | : | **10-CV-07618 (MAM)** |
| | : | |
| **Defendants,** | : | |
| | : | |

_____ :

### ORDER

AND NOW, this _____ day of _____, 2011, upon consideration of

defendants Matthew K. Walters, Dale E. Walters, and Brian Guerras' Motion to Dismiss

Plaintiff's Amended Complaint and any response thereto and for good cause stated,

IT IS HEREBY ORDERED that defendants Matthew K. Walters, Dale E.

Walters, and Brian Guerra motion is GRANTED, and the claims asserted against them in

the Amended Complaint are hereby DISMISSED.

BY THE COURT:

_____

HONORABLE MARY A. MCLAUGHLIN

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

NOVA DESIGN TECHNOLOGIES, LTD,

                           **Plaintiff,**

                **V.**

MATTHEW K. WALTERS
DALE E. WALTERS
BRIAN GUERRA

and

PHILLIPS HOLDING USA, INC.
RESPIRONICS NOVAMETRIX, LLC
CHILDREN'S MEDICAL VENTURES, LLC

                       **Defendants,**

_____

**Civil Action No.**

**10-CV-07618 (MAM)**


## MOTION TO DIMISS PLAINTIFF'S AMENDED COMPLAINT BY DALE WALTERS, MATT WALTERS AND BRIAN GUERRA


Pursuant to Federal Rule of Civil Procedure 12(b)(6) Defendants Matthew K. Walters, Dale E. Walters, and Brian Guerra, by and through their counsel, hereby respectfully requests this Court enter an Order dismissing the entirety of Plaintiff's Amended Complaint against moving defendants.  The basis for this motion is set forth in the accompanying Memorandum of Law.

Wherefore, moving defendants respectfully request that this Court grant their

motion and enter an Order in the form attached.

Respectfully submitted,
Danziger Shapiro & Leavitt, P.C.

/s/ H. Adam Shapiro
H. Adam Shapiro, Esquire
150 S. Independence Mall West
Suite 1050
Philadelphia, PA  19106
(215) 545-4830

*Attorneys for Defendants*

*Matthew K. Walters*
*Dale E. Walters*
*Brian Guerra*

Dated:  March 21, 2011

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

NOVA DESIGN TECHNOLOGIES, LTD,　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Plaintiff,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　V.　　　　　　　　　　　　　　　　:　　Civil Action No.
　　　　　　　　　　　　　　　　　　　　　　:
MATTHEW K. WALTERS, et al.,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:　　10-CV-07618 (MAM)
　　　　　　　Defendants,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
_____ :

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

**I.    Introduction**

Defendants Matthew K. Walters, Dale E. Walters, and Brian Guerra (the "Individual Defendants"), by and through their attorneys Danziger Shapiro & Leavitt, P.C., hereby submits this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Amended Complaint.

Plaintiff's Amended Complaint contains eleven counts alleging variations of breach of contract; fraud; antitrust violations; unjust enrichment; and patent infringement. At its heart, the Amended Complaint asserts defendant's patent was issued in violation of a prior patent issued to Nova Design Partners, L.P.  The Amended Complaint is strangely silent, however, as to the question of whether any relationship exists between the Plaintiff, Nova Design Technologies, Ltd., and the holder of the patent allegedly infringed upon, Nova Design Partners, L.P ("NDP, LP").

With regard to the moving Individual Defendants themselves, even if the Plaintiff were to justify why it is a party to this action, for the various reasons set forth below, the Individual Defendants are not proper parties.  The Amended Complaint appears to set forth claims against the Individual Defendants on the basis of their alleged positions as officers and directors of Omni Therm, Inc.  Like NDP, LP, Omni Therm is not a party to this action.  However, a review of public records reveals that neither Dale Walters nor Brian Guerra were officers or directors of Omni Therm at the relevant times.  Further, both Matthew Walters and Brian Guerra were granted discharges by the U.S. Bankruptcy Court for the Eastern District of Missouri after the alleged infringement took place and prior to Plaintiff's filing of this lawsuit.  Any action against them is therefore barred by the discharge statute until the Plaintiff obtains authorization from the US Bankruptcy Court for the Eastern District of Missouri.

## II.    Argument

The Plaintiff is Not a Proper Party to the Case.

The Amended Complaint, attached as Exhibit A, asserts that the Plaintiff has been harmed by infringements upon a patent owned by NDP, LP, as well as the breach of a confidentiality agreement executed by NDP, LP. However, NDP, LP is not a party to this case, and the Amended Complaint fails to even mention its existence.  There are only two references to NDP, LP in the entire document: (1) Patent Number 5,275,156, attached to the Amended Complaint as Exhibit A, identifies NDP, LP as the assignee of the patent at issue; and (2) the Confidential Disclosure Agreement (the "NDA"), attached to the Amended Complaint as Exhibit B, states that it is an agreement between Omni Therm

and NDP, LP.  The limited partnership is never mentioned in the 179 paragraphs of the Amended Complaint.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "short and plain  statement of the claim showing that the pleader is entitled to relief."  In this case, the exhibits attached to the Amended Complaint make it clear that the Plaintiff does not own the patent it alleges was violated, nor was it a party to the NDA which Plaintiff alleges was breached.  While there may or may not be an argument for harm brought by NDP, LP as the patent holder and party to the NDA, the Amended Complaint is devoid of any allegation that the Plaintiff has the right to recover on behalf of NDP, LP.  This failure to state a claim upon which the actual Plaintiff is entitled to relief is the essence of F.R.C.P. 12(b)(6).  In light of the failure to plead why the Plaintiff is entitled to relief or should even be a party to this action, the Amended Complaint should be dismissed.

<u>The Claims Against Dale Walters</u>

Assuming arguendo that this Court's review proceeds beyond the problem of Plaintiff not having established its right to relief, the claims asserted against Defendant Dale Walters should similarly fail.  While there are various paragraphs of the Amended Complaint alleging Dale Walters, "on information and belief" performed certain acts, the sole basis for the claims asserted against him arise from under paragraph 106.  That averment states:

> 106.    On information and belief, DALE WALTERS was an officer and/or a controlling owner of OMNI THERM, was aware of the 1998 Confidentiality Agreement, was aware that Jaime Schlorff had discovered the NOVA Confidential Information that was the subject of that Confidentiality Agreement, and was aware that his son, MATT WALTERS, filed the '295 Provisional Application and the '591 Patent Application, but notwithstanding failed to advise NOVA DESIGN that his son had

filed and was prosecuting these applications without listing Jaime Schlorff as the inventor, and instead listed his son as the sole inventor.

Setting aside for a moment the completely speculative "on information and belief" nature of the paragraph, it is also factually false.

Dale Walters resigned as an officer and director of Omni Therm, Inc. on August 22, 1995, three years before the NDA and over 15 years prior to the filing of this case. This is evidenced by the letter from Omni Therm's counsel to the Secretary of State of Missouri, attached as Exhibit B, and publically available for free on the Corporation Division website at http://www.sos.mo.gov/business/corporations stating that Matthew K. Walters was the sole director and officer as of that date.  This is further supported by the notice, attached as Exhibit C, from the Secretary of State to Omni Therm, Inc. reducing the number of directors from two to one. The Exhibit B letter and Exhibit C notice are public records, and therefore are exemptions to the standard requirement that courts may only may consider the contents of complaint in deciding a 12(b)(6) motion.  Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1197 (3d Cir. Pa. 1993).  Since the publically available corporate records show Dale Walters was not an officer and/or director during the time period in question, Plaintiff's allegations of "information and belief" fail to establish a valid claim for personal liability.

In addition to the exemption for public records, Exhibits B and C may be considered as an undisputedly authentic document upon which the

plaintiff's claims are based.  In <u>Jones v. Middletown Twp</u>., 2007 U.S.

App. LEXIS 26179, 5-6 (3d Cir. Pa. 2007) the court ruled it "may also

consider an 'undisputedly authentic document that a defendant attaches as

an exhibit to a motion to dismiss if the plaintiff's claims are based on the

document.'" *citing* <u>Pension Benefit Guar. Corp. v. White Consol. Indus.,</u>

<u>Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).  The documents publically

provided by and stamped by the Secretary of State of Missouri are

undisputedly authentic.  Plaintiff's clearly relied upon the public corporate

records of Omni Therm in framing its complaint, it should not be allowed

to "survive a motion to dismiss simply by failing to attach a dispositive

document on which it relied." <u>Id.</u> at 1196 *citing* <u>Goodwin v. Elkins & Co.</u>,

730 F.2d 99, 113 (3d Cir. Pa. 1984) (Becker, J., concurring).

<u>The Bankruptcy Injunction</u>

In the 12 years between the alleged violation of the 1998 NDA

giving rise to this action, and the filing of the Amended Complaint, both

Defendant Brian Guerra and Defendant Matthew Walters filed bankruptcy

petitions in the U.S. Bankruptcy Court for the Eastern District of Missouri.

Both defendants cases were adjudicated as "no asset" Chapter 7 cases, and

both defendants received a Discharge.  The Discharge Order issued to

Brian Guerra on October 22, 2003 is attached as Exhibit D.  The

Discharge Order issued to Matthew Walters on September 16, 2009 is

attached as Exhibit E.  As a court order is a matter of public record, these

documents may also be properly considered under a 12(b)(6) motion.

<u>Pension Benefit</u>, 998 F.2d at 1196.

In view of the Discharge Orders, there is a statutory injunction barring this case from moving forward. 11 U.S.C. §524(a)(2). Section 524(a)(2) provides that the discharge "operates as an injunction against the commencement or continuation of an action… to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." This statutory injunction prohibits Plaintiff from proceeding with its claims against Matthew Walters and Brian Guerra without first obtaining relief from the injunction from the Bankruptcy Court for the E.D. of Missouri.

In addition to the Section 524(a)(2) injunction, Section 524(a)(1) provides that a discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged …" Any judgment entered against Matthew Walters or Brian Guerra at this point would be "void" without Plaintiff obtaining relief from the Bankruptcy Court. <u>Id.</u> Because the Plaintiff has not pled that it has obtained relief from the provisions of Section 524, Plaintiff has not stated "a claim upon which relief can be granted." F.R.C.P. 12(b)(6).

**III.** **Conclusion**

Wherefore, moving defendants respectfully request this motion to dismiss the claims in the Amended Complaint against Matthew Walters, Dale Walters, and Brian Guerra be granted.

Respectfully submitted,
Danziger Shapiro & Leavitt, P.C.

/s/ H. Adam Shapiro
H. Adam Shapiro, Esquire
150 S. Independence Mall West
Suite 1050
Philadelphia, PA  19106
(215) 545-4830

*Attorneys for Defendants*

*Matthew K. Walters*
*Dale E. Walters*
*Brian Guerra*

Dated:  March 21, 2011

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the

Motion to Dismiss Plaintiff's Amended Complaint was served by e-filing, this 21st day of

March, 2011 upon the following counsel.

**Eugene J. McGinnis, Jr., Esq.**
DUGAN BRINKMANN MAGINNIS & PACE
1880 John F. Kennedy Boulevard
Suite 1400
Philadelphia, PA 19103
Email: ejmaginnis@dbmplaw.com


**Jeffrey S. Sokol**, **Esq.**
SOKOL LAW OFFICE
828 N. Broadway
Suite 400
Milwaukee, WI 53202
Email: sokol@cf-law.com

*Counsel for Plaintiff*

**Brian A. Berkley, Esq.**
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Email: berkleyb@pepperlaw.com

**Matthew A. Chiachetti, Esq.**
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Email: chiachettim@pepperlaw.com

**Charles S. Marion, Esq.**
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
Email: marionc@pepperlaw.com

*Attorneys for Defendants Respironics, Inc.,*

*RIC Investments, LLC,*
*Philips Holding U.S.A., Inc.,*
*Respironics Novametrix, LLC, and*
*Children's Medical Ventures, LLC*

/s/ H. Adam Shapiro